**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-3030 PSG (AJWx) | Date | June 3, 2009 |
|---|---|---|---|
| Title | Travelers Casualty & Surety Co. of America v. Desert Gold Ventures, LLC, et al. | | |

Present: The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings: (In Chambers) Order Dismissing Case**

Travelers Casualty and Surety Company of America ("Plaintiff") filed this action on April 30, 2009. On May 11, 2009, the Court issued an Order to Show Cause re Dismissal for Lack of Subject Matter Jurisdiction ("OSC"). Among other things, the Court noted that it appeared that it lacked subject matter jurisdiction over this matter because (1) several defendants are limited liability companies and the complaint failed to allege the citizenship of each of their members, and (2) Plaintiff failed to offer sufficient facts to support the assertion that Connecticut is its principal place of business. Plaintiff filed a response to the OSC on May 28, 2009 and a first amended complaint ("FAC") on May 29, 2009. However, for the reasons that follow, the Court finds Plaintiff's response to be inadequate.

Plaintiff filed the complaint in this Court on the basis of diversity jurisdiction. *See* 28 U.S.C. § 1332. For diversity purposes, a limited liability company is a citizen of every state of which its owners/members are citizens. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

Plaintiff's FAC alleges:

Travelers is informed, believes and thereon alleges that the members of Desert Gold [Ventures, LLC] are citizens of California. . . .

Travelers is informed, believes and thereon alleges that the members of Northstar [Resort Development, LLC] are citizens of California . . . .

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-3030 PSG (AJWx) | Date | June 3, 2009 |
|---|---|---|---|
| Title | Travelers Casualty & Surety Co. of America v. Desert Gold Ventures, LLC, et al. | | |

Travelers is informed, believes and thereon alleges that the members of Jurassic [Ventures, LLC] are citizens of California. . . .

*FAC* ¶¶ 4-6.

"Nothing is to be more jealously guarded . . . than [a court's] jurisdiction." *In re Mooney*, 841 F.2d 1003, 1006 (9th Cir. 1988). An adequate response to the OSC would have individually identified each member of the limited liability companies, as well as each member's citizenship. *See, e.g., Johnson*, 437 F.3d at 899. Plaintiff did not do this.

Furthermore, Plaintiff failed to establish that its principal place of business is Connecticut. Courts use one of two tests to determine a corporation's principal place of business. *Indus. Tectonics, Inc. v. Aero Alloy,* 912 F.2d 1090, 1092 (9th Cir. 1990). Under the "place of operations" test, a corporation's principal place of business is the state which "contains a substantial predominance of corporate operations." *Id*. Under the "nerve center" test, the principal place of business is where the majority of the corporation's executive and administrative functions are performed. *Id*. at 1092-92. The Ninth Circuit has instructed that the "nerve center" test should be used only if no state contains a substantial predominance of the corporation's business activities. *Id*. at 1094. To determine whether a corporation's activities substantially predominate in one state, the Court looks to a number of factors, including the location of employees, tangible property, production activities, sources of income, and where sales take place. *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 500 (9th Cir. 2001) (citing *Indus. Tectonics*, 912 F.2d at 1094).

In its response to the OSC, Plaintiff failed to show that Connecticut is its principal place of business under the "place of operations" test or that the "nerve center" test should be used instead. In particular, Plaintiff stated that its Hartford office houses more employees than any other office; however, it does not necessarily follow that Plaintiff has more employees in Connecticut than any other state. Plaintiff failed to adequately address several of the other relevant *Tectonics* factors, including the location of its production activities, where income is earned, and where purchases are made.

Accordingly, because Plaintiff has failed to establish that the Court has subject matter jurisdiction over this case, *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994), the action is hereby DISMISSED without prejudice.

**IT IS SO ORDERED.**

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-3030 PSG (AJWx) | Date | June 3, 2009 |
|---|---|---|---|
| Title | Travelers Casualty & Surety Co. of America v. Desert Gold Ventures, LLC, et al. | | |